**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| JACQUELINE MILLER<br>5910 Gloucester Court<br>Dayton, Ohio, 45440 | )<br>)<br>)<br>) | CASE NO.:<br><br>JUDGE |
| Plaintiff, | ) | |
| v. | )<br>) | **COMPLAINT FOR VIOLATIONS<br>OF THE FAIR LABOR** |
| FRESH START BEHAVIORAL<br>HEALTH, INC.<br>c/o Ebenezer Aluma, statutory agent<br>2731 Delcane Drive<br>Columbus, Ohio, 43235 | )<br>)<br>)<br>)<br>) | **STANDARDS ACT AND THE OHIO<br>MINIMUM FAIR WAGE<br>STANDARDS ACT** |
| | ) | **(Jury Demand Endorsed Herein)** |
| -and- | )<br>) | |
| EBENEZER ALUMA<br>2731 Delcane Drive<br>Columbus, Ohio, 43235 | )<br>)<br>) | |
| Defendants. | )<br>) | |

**INTRODUCTION**

1.  Defendant Fresh Start Behavioral Health, Inc. ("Fresh Start") and its owner, Principal, and/or Manager, Defendant Ebenezer Aluma, refused to pay Plaintiff Jacqueline Miller for all hours worked, resulting in unpaid overtime. Accordingly, Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S. Code § 207 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA").

**PARTIES.**

2.  Miller is an individual residing in Montgomery County, Ohio.

3.  Fresh Start is a for-profit corporation organized under the laws of the State of Ohio, and who maintains offices in West Carrollton, Ohio, and whom operates in Ohio.

4.  At all times referenced herein, Aluma was the president, co-owner, and/or principal of Fresh Start.

1

5. At all times referenced herein, Aluma supervised and/or controlled Miller's employment with the Fresh Start, controlled the day-to-day operations of Fresh Start, to include controlling its compensation policies and practices, and acted directly or indirectly in the interest of Fresh Start in relation to its employees, and was an employer within the meaning of section 3(d) of the FLSA and Article II, section 34a of the Ohio Constitution.

**PERSONAL JURISDICTION.**

6. Defendants hire citizens of the state of Ohio, contract with companies in Ohio, and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

7. Miller performed work in this judicial district, was paid unlawfully by Defendants pursuant to work performed in this district and/or was hired out of this district.

8. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

**SUBJECT MATTER JURISDICTION AND VENUE.**

9. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over Miller's state law claims pursuant to 28 U.S.C. § 1367, as Miller's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this District because Defendants do a sizeable portion of their business in this District, and many of the wrongs herein alleged occurred in this District.

**FLSA COVERAGE.**

12. At all times referenced herein, Fresh Start was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said

enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

13. At all times material to the Complaint, Miller directly participated in the actual movement of things in interstate commerce as her job duties required her to order and acquire supplies, equipment, and/or materials originating outside of Ohio, and was therefore subject to individual coverage under the FLSA.

## FACTUAL ALLEGATIONS.

14. Fresh Start is a provider of in-patient and out-patient mental health care and substance abuse counseling services.

15. At all times referenced herein, Fresh Start operated out of an office located at 1909 S. Alex Road, West Carrollton, Ohio, 45449.

16. Miller was hired by Defendants on or around March 11, 2021 as an Assistant to Aluma.

17. At all times referenced herein, Miller was paid on an hourly basis.

18. At all times referenced herein, Miller recorded the hours she worked on a time card.

19. Miller regularly worked more than forty (40) hours per week during her employment with Defendants.

20. Miller reported the hours she worked over forty (40) per week to Defendants on her time cards.

21. Defendants refused to pay Miller any wages at all for any time she worked in excess of forty (40) hours per week.

22. Defendants failed to pay Miller overtime when she worked greater than forty (40) hours in a week.

23. Miller complained to Aluma about not being paid for the hours she worked over forty (40) ("Overtime Complaint").

24. Aluma responded to Miller's overtime Complaint by telling her that "if you work more than forty (40) hours that is your decision."

25. Aluma refused to pay Miller for the hours she worked over forty (40) in a week.

26. Aluma refused to pay Miller overtime.

27. Miller's employment with Defendants ended on or about May 27, 2021.

28. As a result of Defendants' failure to pay Miller overtime, Miller has suffered damages.

**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT: FAILURE TO PAY OVERTIME.**

29. Miller restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

30. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

31. Miller was not exempt from the right to receive overtime pay under the FLSA during her employment with Defendants.

32. Miller is entitled to be paid overtime compensation for all overtime hours worked.

33. At all times relevant to this Complaint, Defendants had a policy and practice of failing and refusing to pay overtime to its employees for their hours worked in excess of forty (40) hours per week.

34. Defendants either recklessly failed to investigate whether their failure to pay Miller overtime violated the Federal Wage Laws of the United States; intentionally misled Miller to believe that Defendants were not required to pay her overtime, and/or concocted a scheme pursuant to which they deprived Miller of the overtime pay she earned.

35. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

36. Miller is entitled to damages in the amount of her unpaid overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), and other such legal and equitable relief as the Court deems just and proper, including her attorneys' fees and costs.

37. Defendants violated the FLSA without a good faith belief that their conduct was lawful.

38. Miller requests recovery of her attorney's fees and costs associated with this cause as provided by 29 U.S.C. § 216(b)

**COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.03, *et seq*, BASED ON FAILURE TO PAY OVERTIME**.

39. Miller restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

40. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the OMFWSA.

41. At all relevant times, Defendants have employed and continue to employ, "employees," within the meaning the OMFWSA.

42. Miller was an employee of Defendants as that term is defined by the OMFWSA.

43. Ohio R.C. § 4111.03 provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the [FLSA]…"

44. Defendants failed to pay Miller overtime for hours she worked in excess of 40 per week.

45. In denying Miller overtime compensation, Defendants violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

46. As a direct and proximate result of Defendant's unlawful conduct, Miller has suffered and will continue to suffer a loss of income and other damages.

47. Having violated the OMFWSA, Defendants are joint and severally liable to Miller pursuant to O.R.C. § 4111.10 for the full amount of her unpaid overtime and for costs and reasonable attorneys' fees.

### COUNT III: VIOLATION OF THE OHIO PROMPT PAYMENT ACT, O.R.C. § 4113.51.
### (Asserted by Miller against Fresh Start only).

48. Miller restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

49. The Ohio Prompt Pay Act ("OPPA") required Defendants to pay Miller all wages earned, including overtime, on or before the first day of each month, for wages earned by Miller during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by Miller during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

50. Miller was not paid all wages due within 30 days of her performing the work that entitled her to overtime. *See* R.C. §4113.15(B).

51. Miller's unpaid overtime wages remain unpaid for more than 30 days beyond her regularly scheduled payday.

52. Miller has been harmed and continues to be harmed by Defendants' acts and/or omissions as described herein and is entitled to the greater of $200.00 or an additional six percent on the total amount of wages due. See O.R.C. § 4113.15(C).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Jacqueline Miller respectfully requests relief against Defendants, joint and severally, as set forth below:

a. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*;

b. Awarding Plaintiff all unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

c. Awarding damages, including actual, general, special, incidental, statutory, punitive, treble, liquidated, noneconomic, and consequential to Plaintiff in an amount to be determined at trial;

d. Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

e. Awarding pre-judgment and post-judgment interest as provided by law;

f. Awarding reasonable attorneys' fees and costs; and

g. Awarding such other and further relief that this Court deems appropriate.

Respectfully submitted,

*/s/Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Jacqueline Miller*

## JURY DEMAND

Plaintiff Jacqueline Miller demands a trial by jury by the maximum number of jurors permitted.

*/s/Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**

7